IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROSS ADAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.  07-3012 |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF JUSTICE ) | |
| ASSET FORFEITURE DIVISION, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant's Motion to Dismiss (d/e 6) and Defendant's Motion for Partial Summary Judgment (d/e 5).  For the reasons stated below, the Motion to Dismiss (d/e 6) as filed is denied, but for the jurisdictional reasons advanced in the Motion for Partial Summary Judgment (d/e 5), the Court *sua sponte* dismisses all of Plaintiffs' claims without prejudice.  The Motion for Partial Summary Judgment (d/e 5) is denied as moot.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper

1

where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all inferences in favor of the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).

## FACTS

On the Motion to Dismiss, the Court must accept as true the facts alleged in Plaintiffs' Complaint (d/e 1). According to the Complaint, Plaintiffs are all victims of a fraud perpetrated by an individual named Clyde Hood (Hood). On August 18, 2000, Hood was indicted for conspiracy to defraud; he later was convicted. Separately, on November 15, 2004, Plaintiffs obtained a default judgment against Hood in a civil case in this Court. See Order dated November 15, 2004, in Cent. Dist. Ill. Case No. 03-3200 (d/e 25) (November 2004 Order). In the November 2004

Order, the Court set damages for each plaintiff at a particular amount.  Id. at 4-6.  This judgment stands against Hood, but apparently Plaintiffs have not been able to collect the money from him.

Plaintiffs believe that the Defendant, the United States Department of Justice, Asset Forfeiture Division of the Central District of Illinois, Springfield Division (Department of Justice), possesses money of Hood's.  In connection with his criminal case, Hood surrendered property to the Department of Justice.  In the Spring and Summer of 2005, Plaintiffs' counsel sought to obtain Hood's money from the Department of Justice.

Plaintiffs sent a subpoena to the Department of Justice to determine how much of Hood's property the Department of Justice possessed.  According to the instant Complaint, the Department of Justice ignored the subpoena until time for compliance had passed and then sent Plaintiffs' counsel a letter informing him that he needed to follow the procedures set forth in 28 C.F.R. §§ 16.21-29 -- the federal regulations governing the Department of Justice's production or disclosure of material within its files.  Specifically, the letter requested a summary of the information sought and its relevance to the proceeding.  See Defendant's Motion for Partial

Summary Judgment (d/e 5), Ex. A.¹  Plaintiffs' counsel then "contacted Assistant United States Attorney James A. Lewis and was left with no cooperation on the part of the United States."²  Complaint, ¶ 12.  Plaintiffs state that instead of turning over Hood's money to Plaintiffs, the Department of Justice is giving it to local communities in return for the substantial assistance law enforcement provided in his arrest and conviction.

On January 17, 2007, Plaintiffs filed this action.  Their Complaint sets forth four claims.  On June 14, 2007, the Department of Justice moved to dismiss Counts 2-4.  Motion to Dismiss (d/e 6).  Count 2 alleges that the Department of Justice refused to cooperate with Plaintiffs and should be ordered to turn over the money Hood owes them.  Count 3 alleges that the Department of Justice has possession of property belonging to Plaintiffs, and thus this Court should order it to pay them the total amount of Plaintiffs'

---

¹Plaintiffs referred to this letter in their Complaint, and it is central to their claim.  Thus, the Court may consider it while considering whether to dismiss the action.  See Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998).

²Plaintiffs allege in their Response in Opposition to United States' Motion for Partial Summary Judgment that "Attorney James A. Lewis is a witness in this case and should not be representing the Defendant as this is a conflict of interest."  Response in Opposition to United States' Motion for Partial Summary Judgment (d/e 9), at 1.  Plaintiffs cite no authority in support of this bare allegation.  If Plaintiffs believe AUSA Lewis should be disqualified, they must file a motion arguing such.  The Court will not order an attorney's disqualification without the benefit of full briefing on the issue.

judgment against Hood or whatever it has left of Hood's money or property, if that amount is less than the judgment amount. In Count 4, Plaintiffs predict that the Department of Justice in the future may discover additional money or property of Hood's, and they request that this Court require the Department of Justice to inform them, in writing, bi-annually, of any additional property it discovers. The Department of Justice has moved to dismiss Counts 2-4 on sovereign immunity grounds.

On June 14, 2007, the Department of Justice also moved for summary judgment on Count 1. See Defendant's Motion for Partial Summary Judgment (d/e 5). In Count 1, Plaintiffs allege that the Department of Justice has "refused to disclose how much money or property was taken from Clyde Hood and others, or what property remains currently available for distribution to other victims to satisfy the judgment." See Complaint, ¶ 17. Plaintiffs claim the Department of Justice's action was "a final decision of agency action." Id. They request that this Court order the Department of Justice to produce a list of property taken from Hood and a detailed explanation of what has been done with the property. Id., ¶ 18. The Department of Justice's Motion for Summary Judgment argues that Plaintiffs' claim is not ripe and that the Court lacks jurisdiction.

ANALYSIS

The Court finds that dismissal is not proper on sovereign immunity grounds. However, none of the claims are ripe, and the Court thus lacks jurisdiction. Because the Court thus lacks jurisdiction, it dismisses all four Counts without prejudice. The Court first addresses the sovereign immunity arguments and then takes up the issue of ripeness.

I.  SOVEREIGN IMMUNITY

"It is a basic tenet of constitutional law that, (The United States) is immune from suit save as it consents to be sued." Cole v. United States, 657 F.2d 107, 109 (7th Cir. 1981) (internal quotation marks omitted). In fact, "the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). A plaintiff who sues the United States bears the burden of establishing that a congressional act provides consent. Cole, 657 F.2d at 109.

Plaintiffs argue that the Declaratory Judgment Act (28 U.S.C. § 2201), the Federal Question statute (28 U.S.C. § 1331), and the Administrative Procedures Act (5 U.S.C. § 702) all provide for subject matter jurisdiction here, but they cannot point to a sovereign immunity waiver in the first two. First, "[t]he operation of the Declaratory Judgment

6

Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Thus, the Declaratory Judgment Act provides no grounds for subject matter jurisdiction here.

Second, the Federal Question statute lacks a waiver as well. Plaintiffs are correct that 28 U.S.C. § 1331 creates federal question jurisdiction here, because "[s]uits against federal officers or agencies arise under the laws of the United States, unless a statute precludes judicial review." City of Beloit v. Local 643 of the Am. Fed. of State, County, and Municipal Employees, AFL-CIO, 248 F.3d 650, 654 (7th Cir. 2001). But, federal question jurisdiction under 28 U.S.C. § 1331 is not enough where the United States is a defendant. "No citation is needed to reject appellants' suggestion that 28 U.S.C. § 1331 waives sovereign immunity. It merely gives the district court jurisdiction to hear federal claims that are not otherwise barred." Arvanis v. Noslo Engineering Consultants, Inc., 739 F.2d 1287, 1290 (7th Cir. 1984). This statute does not waive sovereign immunity and thus does not provide subject matter jurisdiction here.

The Administrative Procedure Act is a different story, however. It states:

7

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. Plaintiffs' allegation that the Department of Justice failed to provide them the information their subpoena requested is a claim that the Department of Justice failed to act in an official capacity. The question at this stage is whether Counts 2-4 seek relief other than money damages. If so, sovereign immunity is waived.

The Court concludes that Counts 2-4 do not seek "money damages." Count 4, which requests a biannual accounting, clearly seeks relief other than money damages. Counts 2 and 3 demand that the Department of Justice pay Plaintiffs the amount of money Hood owes them based on the November 2004 Order, at least to the extent the Department of Justice still retains money it confiscated from Hood. Thus, these Counts do request money. Yet, as the Supreme Court has held, "[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient

reason to characterize the relief as 'money damages.'" Bowen v. Massachusetts, 487 U.S. 879, 893 (1988). Instead, the term "money damages" in the Administrative Procedure Act refers only to a sum of money used as compensatory relief. Id. at 895, 900. Where a sum of money is awarded as specific relief, in an "'attempt to give the plaintiff the very thing to which he was entitled,'" it is not "money damages." Id. at 895 (quoting D. Dobbs, Handbook on the Law of Remedies 135 (1973)).

Such is the case here. Plaintiffs' Complaint alleges that they are entitled to Hood's money that is in the possession of the Department of Justice. Plaintiffs are demanding the money they paid to Hood that the Department of Justice allegedly now possesses, not money from the Department of Justice to *substitute* for a loss they suffered. The fact that the Department of Justice cannot return to the Plaintiffs the specific currency that it seized from Hood and that Hood previously accepted from the Plaintiffs does not make this an action for compensatory relief. See United States v. Minor, 228 F.3d 352, 355 (4th Cir. 2000).

Counts 2-4 do not request "money damages" as the Supreme Court has interpreted that term in the Administrative Procedure Act. Therefore, the Act's sovereign immunity waiver applies, and the Court cannot dismiss

9

Counts 2-4 on sovereign immunity grounds.

II.     RIPENESS

The Department of Justice argues that summary judgment is appropriate on Count 1 because Plaintiffs cannot establish a final agency action under the Administrative Procedure Act.[3]  Without a final agency action, the Department of Justice argues, this matter is not ripe and the Court lacks jurisdiction. The Department of Justice's position is correct, but it is true of all four Counts.  Because this is a jurisdictional matter, the Court is free to dismiss on its own motion.  See Renne v. Geary, 501 U.S. 312, 334 (1991).  Thus, it makes no difference that the Department of Justice raised a ripeness issue only regarding Count 1.  The parties have briefed the issue fully, and it is obvious that their arguments are equally applicable to Counts 2-4.  Moreover, it is clear that the arguments depend only on the factual allegations Plaintiffs set forth in their Complaint.  For the following reasons, the Court dismisses Counts 1-4.

A federal employee cannot be compelled to respond to a subpoena

---

[3]As noted above, Congress has not waived sovereign immunity for cases against the Government under the Declaratory Judgment Act.  See Skelly Oil Co., 339 U.S. at 671.  Thus, Plaintiffs are left only with the possibility of liability under the Administrative Procedure Act.

that conflicts with valid agency regulations. Edwards v. U.S. Dept. of Justice, 43 F.3d 312, 317 (7th Cir. 1994). Once a federal agency has acted pursuant to such regulations, the Administrative Procedure Act allows courts to review the agency's action:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

5 U.S.C. § 704. The agency action at issue here is the United States Attorney's response to Plaintiffs' subpoena. As no statute makes this action specifically reviewable, it is reviewable only if it was a "final agency action."

Preliminarily, the Court holds that the regulation on which the United States Attorney relied in responding to Plaintiffs' subpoena is valid. Under 28 C.F.R. § 16.22(d), "[w]hen information other than oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding." The Seventh Circuit has concluded that the United States may restrict the release of information under this regulation. Edwards, 43 F.3d at 317 (holding the regulation "valid agency authority"). Thus, the Court rejects Plaintiffs' argument that their subpoena was not subject to 28 C.F.R. §

11

16.22(d).

The only question is whether the United States Attorney's letter requesting a summary of the information Plaintiffs subpoenaed and its relevance to the proceeding against Hood was a "final agency action." Whether an action is final depends upon whether "the agency has completed its decisionmaking process." Franklin v. Massachusetts, 505 U.S. 788, 797 (1992). Agency action that is "merely tentative or interlocutory [in] nature" is not final. Bennett v. Spear, 520 U.S. 154, 178 (1997). In Meisel v. FBI, a Southern District of New York court concluded that an FBI letter in response to a subpoena did not constitute a final agency action because, among other things, the letter stated that the plaintiff had not explained how the requested information was relevant to the underlying litigation. Meisel, 204 F.Supp.2d 684, 690 (S.D.N.Y. 2002). According to the court, "upon receiving the requested additional detail the FBI would be in a position to determine whether it would be appropriate to disclose the requested information. The FBI's decision at that point would constitute a final agency action." Id. (internal quotation marks and citation omitted).

The Court finds the Meisel case to be on point and persuasive. Just as the FBI did in Meisel, here the Department of Justice requested

additional information to help it determine whether it would be appropriate to disclose the information Plaintiffs requested. The Department of Justice's initial response was "tentative or interlocutory [in] nature." See Bennett, 520 U.S. at 178. It did not complete its decision-making process because Plaintiffs failed to provide the requested information on relevance. No final action occurred. This Court presently lacks jurisdiction to address Plaintiffs' requests.

THEREFORE, Defendant's Motion to Dismiss (d/e 6) as filed is DENIED. Based on the jurisdictional issue raised in the Motion for Partial Summary Judgment (d/e 5), however, the Court *sua sponte* dismisses Plaintiffs' Complaint, without prejudice. The Motion for Partial Summary Judgment (d/e 5) is denied as moot. All pending motions are denied as moot. This case is CLOSED.

IT IS THEREFORE SO ORDERED.

ENTER: October 18, 2007

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE